In re DEMAREST et al.

(District Court, D. New Jersey. July, 1901.)

BANKRUPTCY—EXEMPTIONS—PARTNERSHIP PROPERTY.

Under the exemption law of New Jersey (Gen. St. p. 1421, § 35), which provides that "goods and chattels of every kind not exceeding in value $200, the property of any debtor having a family resident in this state," shall be exempt from levy, etc., a bankrupt is not entitled to such exemption out of the assets of a partnership.

In Bankruptcy. On exceptions to order of referee.

The following is the order of Referee Atwood L. De Coster:

The property of the bankrupts was sold by the United States marshal, under order of this court, prior to adjudication of bankruptcy. After the trustee in bankruptcy qualified, the clerk of court paid to trustee the net proceeds from the sale, amounting to $755.48. This was all the property belonging to the bankrupts. They had no property excepting partnership property. The claims proved amount to over $3,900. Albert W. Demarest is a married man, the head of a family, a resident of New Jersey. He made application to the trustee to have $200 paid him as and for his exemptions. The trustee refused to make such payment. Application has been made to the referee by Mr. William N. Runyon, attorney for said Albert W. Demarest, for an order directing the trustee to set off or pay to said Albert W. Demarest an exemption of $200. The referee refuses to make such order for the reason that debtor is not entitled to exemption out of partnership property until partnership debts are paid.

Marshall Van Winkle, for petitioning creditors.

Nelson & Wm. R. Runyon, for bankrupts.

KIRKPATRICK, District Judge. This matter comes before the court on exceptions to the order of the referee refusing to allow to the bankrupts an exemption of $200 out of the partnership assets. The statute of the state of New Jersey, title "Executions" (Gen. St. p. 1421, § 35), provides that goods and chattels of every kind, not exceeding in value two hundred dollars, the property of any debtor having a family resident in this state, shall be reserved for the use of the family, and shall not be liable to be seized in execution. The goods and chattels exempted by the act must be the property of the debtor, and such as, but for the act, would be liable to be seized and sold in payment of his individual debts. When partnership assets are levied upon to satisfy the individual debt of one of the partners, there is taken and sold, not the goods and chattels themselves, but the interest of the debtor in a joint or partnership property. The sale is made subject to the partnership debts, and the purchaser takes only what would be due the debtor on a settlement of the partnership affairs. Each partner is entitled to have all the assets of the partnership applied to the payment of its debts, because he is individually liable to have any deficiency made out of his private estate. To this effect are all the decisions in New Jersey. The finding of the referee will be affirmed.