THE METROPOLITAN INSURANCE COMPANY

*v.*

GEORGIANA CLANTON et al.

[Decided July 31st, 1909.]

1. The interest of a person designated as beneficiary of an industrial life policy is a vested property right, subject to the terms of the policy, construed as applying to such vested right.

2. The fact that by the practice of the subordinate officers of a life insurance company, who received and forwarded to the company a notice of change of beneficiary, the policy was not forwarded with it, as required by a printed condition on the back of the policy, and that an endorsement on the policy of the change of beneficiary, likewise required, was not supposed either by insured or by them to be necessary, will not avail to change the beneficiary, and divest the right of the personal representative of insured to the payment expressly provided for in the policy.

3. A gift may be made of a policy payable to the representatives of insured, as of other choses in action.

Heard on bill, answers, replication and proofs.

*Messrs. McCarter & English,* for the complainant.

*Mr. William A. Lord,* for the defendant Clanton.

*Mr. Arthur B. Seymour,* for the defendant Morgan.

EMERY, V. C.

At the hearing of this cause it was directed that the money paid into court by complainant as due on policy No. 25797999

for $112 should be paid to the defendant Clanton as administratrix of Morris Williams, deceased, the insured. The defendant Morgan disclaimed in her answer any interest in this policy. The question reserved was as to whether the defendant Rosella Morgan or Clanton, as administratrix, was entitled to the proceeds of the policy No. 21113295 for $140, also paid into court. This policy is not a benefit certificate or certificate of membership in a benevolent association, but is a policy of life insurance of the kind known as "industrial" insurance. The policy contains an express agreement to pay the amount upon receipt of the proofs of death of the insured, and upon surrender of the policy and all receipt books, and as to the person or persons to whom the amount is payable or may be paid, a subsequent clause provides that

"The Company may pay the amount due under this Policy to the beneficiary named below, or to the executor or administrator, husband or wife, or any relative by blood of the insured or to any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expense in behalf of the insured, or his or her burial, and the production of a receipt signed by either of them shall be conclusive evidence that all claims under this Policy have been satisfied."

In the policy "the name of the beneficiary and relationship to the insured" is given merely as "estate." On the back of the policy and under the title of "Privileges and Concessions to Policy-Holders," are printed several privileges or conditions, but these are not either expressly referred to in the policy itself as so endorsed, nor are they expressly signed by the company. One of these relates to "change of beneficiary," and is as follows:

"Subject to the approval of the Company, the insured may at any time during the continuance of this policy, provided the policy is not then assigned, change the beneficiary or beneficiaries, by written notice to the company at its Home Office, accompanied by this policy, such change to take effect on the endorsement of the same on the policy by the company. After endorsement the policy will be returned."

It has been settled by the decisions of this court as the general rule, that under provisions of this character as to change of beneficiaries, in the benefit certificate of benevolent associations,

the persons originally indicated as the beneficiaries have the right to insist upon a compliance with their terms, and that the provisions are not merely regulations whose enforcement is at the option of the company alone, and which are waived by the payment of the fund into court. *American Legion of Honor* v. *Smith* (*Vice-Chancellor Van Fleet, 1889*), *45 N. J. Eq.* (*18 Stew.*) *466, 472; Grand Lodge, &c.,* v. *Connolly* (*Vice-Chancellor Reed, 1899*), *58 N. J. Eq.* (*13 Dick.*) *180, 184; Order of Heptasophs* v. *Dailey* (*Vice-Chancellor Reed, 1900*), *61 N. J. Eq.* (*16 Dick.*) *145, 152; Pennsylvania Railroad Co.* v. *Warren* (*Vice-Chancellor Bergen, 1905*), *69 N. J. Eq.* (*3 Robb.*) *706, 708.* This general rule requiring the change of beneficiary to be made in the manner pointed out by the policy and by-laws of the association, is subject to some exceptions (*2 May Ins.* §§ *399, 400,* and *Lahey* v. *Lahey* (*1903*), *174 N. Y. 146, 155*), and these exceptions seem to be based on the essential character of the right of the beneficiary in such certificate and the essential character of the designation.

The rights under these benevolent certificates are not vested property rights in the beneficiary, but are contractual rights only, depending on an appointment or designation. *Golden Star Fraternity* v. *Martin* (*Court of Errors and Appeals, 1896*), *59 N. J. Law* (*30 Vr.*) *207, 215; Anderson* v. *Supreme Council, C. B. L., 69 N. J. Eq.* (*3 Robb.*) *176, 179* (opinion affirmed on appeal). A change of beneficiary in these cases is in the nature of the execution of a power. Such execution defective at law may in some instances be aided in equity, and most of the exceptions to the general rule come, I think, within the equitable principles applicable to such defective execution. Thus, wrongful refusal of the original beneficiary to deliver up the possession of the certificate will not avail to defeat the change where its production is required by the provisions of the certificate. *Polish National Alliance* v. *Nagbrabski* (*Vice-Chancellor Bergen, 1906*), *71 N. J. Eq.* (*1 Buch.*) *621.*

In contracts of the kind now in question, which are pure life insurance contracts, the interest of a person designated as the beneficiary is, on the other hand, a vested property right, subject to the terms of the policy, construed as applying to such vested

right. And if any distinction is to be made between the different contracts in the matter of the construction or application of the terms of the policy, as to a change of beneficiary, it should be in the direction of a stricter construction of the life insurance contract, than of the benefit certificates, where no divesting of property occurs.

The policy in question, on the face of it, is a policy payable on the insured's death to his executors or administrators, and if the "privileges and concessions" printed on the back of the policy (before they are acted on) be considered as in fact part of the policy, although not referred to in it, then the right of the administratrix, so far as it depends on the policy itself, is to be divested only in the manner indicated, viz., "that the change shall take effect on the endorsement of the same on the policy by the company." The application for change was made in this instance, but was not accompanied by the policy, nor was the change ever endorsed on the policy. The circumstance that by the practice of the subordinate officers of the company, who received and forwarded the notice of change to the company, the policy was not forwarded with it, and that the endorsement on the policy was not supposed either by the insured or by them to be necessary, will not avail to change the beneficiary, and divest the right of the representatives of the insured to the payment expressly provided for in the policy.

In addition to her claim as beneficiary under the policy set up in her answer, it is claimed in the brief of counsel for defendant Morgan, that she had title to the policy by gift or donation from the insured in his lifetime, and that the policy was in her possession at his death and was afterwards delivered by her to the insurance company. A gift may be made of a policy of insurance payable to the representatives of the insured, as of other choses in action belonging to the insured. *Travelers Insurance Co.* v. *Grant (Vice-Chancellor Pitney, 1896), 54 N. J. Eq. (9 Dick.) 212.*

This claim of delivery and possession of the policy is denied by the defendant Clanton, and her counsel in his brief claims that the policy for a long time previous to the death of the insured was in the possession of his son, who paid the premiums and who

delivered the policy to the administratrix after the death of his father. My notes of the evidence do not show any proofs on this contested point, as to the possession of this policy at the time of the application for change of beneficiary or at the time of the death. Neither is there any evidence tending to show that the insured made to Mrs. Morgan a gift of the policy, which was intended to confer on her an interest or right in the policy or its proceeds, different from that which she would have as a beneficiary designated under the policy.

In the absence of proof on these points the claim of Mrs. Morgan must be disposed of as resting solely on her right to the proceeds under the provisions relating to change of beneficiary, and for the reasons above given must be disallowed. If Mrs. Morgan, relying on the change having been made, paid the premiums subsequently accruing, an equity to the repayment of these may exist, and before advising decree, I will hear counsel on this point.

If, on examination of the stenographer's notes, it should appear that there was evidence as to the possession of the policy by defendant Morgan at the time of application for change of beneficiary, or at the time of the death of the insured, application may be made for a rehearing, if counsel desire.