METROPOLITAN LIFE INSURANCE COMPANY, a corporation, complainant,

*v.*

GERALDINE TESAURO and MARIA D. TESAURO, defendants.

[Decided May 12th, 1923.]

1. A change of beneficiary in an insurance policy can only be effected in the manner provided by the policy.

2. Where an insured son turned a policy over to his wife, and by letter directed the insurer to change the beneficiary in the policy from his mother to his wife, but the letter and policy were never delivered to the insurer at its home office, as required by the policy, and such change was not endorsed on the policy, the beneficiary named in the policy was not divested of her interest.

3. Where a widow, believing that she was the beneficiary under an insurance policy, paid some of the premiums to keep the policy alive, for the benefit of the beneficiary, the widow is entitled to be reimbursed for such payments.

---

On final hearing.

*Messrs. McDonough & McDonough,* for Maria D. Tesauro.

*Mr. Robert Newton Crane,* for Geraldine Tesauro.

BACKES, V. C.

This matter comes before me on the pleadings and an agreed state of facts. The Metropolitan Life Insurance Company issued a policy on the life of Domenico Tesauro for $2,000, payable at his death to his mother, Maria D. Tesauro. The policy contained the following provision:

"This policy is written with the right of the insured to change the beneficiary. When such right has been reserved, and if there be no written assignment of this policy on file with the company, the insured may [while the policy is in force] designate a new beneficiary, with or without reserving right of change thereafter, by filing written notice thereof at the home office of the company accompanied by the policy for suitable endorsement. Such change shall take effect upon the endorsement of the same on the policy by the company and not before. If any beneficiary shall die before the insured, the interest of such beneficiary shall vest in the insured."

During the month preceding his death the insured married Geraldine Tesauro and turned over the policy to her and, by letter, directed the insurance company to change the beneficiary from his mother to his wife. The letter and the policy were never delivered to the home office of the insurance company in New York and, of course, the change of beneficiary was not endorsed on the policy. Upon the death of the insured, the widow demanded the insurance and brought suit on the policy, whereupon the insurance company paid the money into this court and obtained an injuction restraining the suit and a decree directing the mother and widow to interplead. The question is who is entitled to the insurance. The law is that a change of beneficiary can only be effected in the manner provided by the policy for such change. It was so held in *Sullivan* v. *Maroney, 76 N. J. Eq. 104; affirmed, 77 N. J. Eq. 565,* and followed in *Anderson* v. *Broad Street National Bank, 90 N. J. Eq. 78; affirmed, 91 N. J. Eq. 331.*

There is no doubt that the insured intended to make the change, but as the written notice to that effect was not delivered at the home office of the insurance company, accompanied by the policy for suitable endorsement, and as the change of beneficiaries was not endorsed upon the policy, the beneficiary named—the mother—was not divested of her interest. The fund will be ordered paid to her.

The widow, believing that she was the beneficiary, paid some of the premiums, it is said. If she did so to keep the policy alive she is entitled to be reimbursed. *Tepper* v. *Royal Arcanum, 59 N. J. Eq. 321; Gifford* v. *Gifford, 93 N. J. Eq. 299.*