## GREIMAN v. METROPOLITAN LIFE INS. CO. et al.

### In re SACHS.

### No. 6395.

Circuit Court of Appeals, Third Circuit.

May 4, 1938.

Murray Greiman and Abe A. Schultz, both of Jersey City, N. J., for appellant.

Drewen & Nugent and John Nugent, all of Jersey City, N. J. (John Drewen, of Jersey City, N. J., of counsel), for appellees Metropolitan Life Ins. Co. and Prudential Ins. Co. of America.

Collins & Corbin, of Jersey City, N. J. (Edward A. Markley and Charles W. Broadhurst, both of Jersey City, N. J., of counsel), for appellee Equitable Life Assur. Soc. of the United States.

Milberg & Milberg, of Jersey City, N. J. (Henry Milberg, of Jersey City, N. J., of counsel), for appellee Samuel S. Sachs.

Barnett, Plaut & Schweitzer, of New York City (Roy Plaut and Isaac M. Barnett, both of New York City, of counsel), for Northwestern Mut. Life Ins. Co. of Milwaukee, Wis., amicus curiæ.

Before BUFFINGTON, DAVIS, and BIGGS, Circuit Judges.

DAVIS, Circuit Judge.

The trustee in bankruptcy appealed to this court from an order of the District Court which reversed an order of the referee in bankruptcy. The referee, finding that the bankrupt, in fraud of creditors, had paid premiums on policies of insurance on his life while he was insolvent, entered an order which, as he states in his certificate, required "the Bankrupt to turn over to the Trustee the sum of $686.83 being the total amount of premiums (paid in fraud of creditors) or that the Bankrupt surrender to the Trustee the policies of insurance with such other papers as might be necessary to enable the Trustee to secure from the several cash surrender values the amount aforesaid."

The question at issue here is whether or not, if a husband insured his life naming his wife beneficiary, and pays premiums on the insurance when he is insolvent, his trustee in bankruptcy may recover, from the cash surrender value of the insurance, an amount equal to the premiums so paid or is he prevented from recovery by the exemption laws of New Jersey?

The referee found that on May 5, 1934, the Consolidated Indemnity & Insurance Company and the Vehicle Underwriting Agency Corporation had claims against the bankrupt, the former for $11,000 and the latter for $11,262.08; that on October 15, 1935, both of these companies took judgment against the bankrupt for the respective amounts of their claims; that since May 5, 1934, the bankrupt has been insolvent; that at about that time a corporation was formed for conducting an insurance business whose stock was taken in the name of the bank-

rupt's wife, but the business was run solely by the bankrupt; that since the formation of the corporation, and during the time in which the bankrupt was insolvent, certain premiums were paid on policies of insurance on the life of the bankrupt; that some of these payments were made by the bankrupt with funds received from the corporation and some were paid "either by the check of the wife or the corporation"; that the wife of the bankrupt, who is the beneficiary of the insurance policies involved, "had no source of income other than money received from the bankrupt."

On the above facts, and on the petition of the trustee, the referee found that the above payments must "be regarded as conclusively fraudulent as to creditors existing at the time of payment. (Merchants' & Miners' Transportation Co. v. Borland, 53 N.J.Eq. 282, 31 A. 272)," and entered the above-mentioned order which Judge Clark in the District Court, without opinion, reversed. From the reversal of the District Court, the trustee appealed to this court.

There can be no doubt that, had the payments of premiums not been in fraud of creditors, the cash surrender values of these policies could not be reached by the trustee in bankruptcy. Smith v. Metropolitan Life Ins. Co., 3 Cir., 43 F.2d 74. However, as stated above, the question here involved is whether or not the trustee can recover, from the cash surrender value, an amount equal to the sum which the bankrupt spent in fraud of creditors in payment of premiums.

Sections 38 and 39 of the Insurance Law of New Jersey, R.S.N.J.1937, 17:34-28, 17:34-29, 2 Comp.St.N.J.1910, p. 2850, §§ 38, 39, upon which the bankrupt bases his argument that the cash surrender value is exempt even where the premiums were fraudulently paid, read in part as follows:

Sec. 38. "When a policy of insurance is effected by any person on his own life, * * * the lawful beneficiary thereof * * * shall be entitled to its proceeds, against the creditors and representatives of the person effecting the same; and * * * may maintain an action thereon in his own name; provided, that, * * * the amount of any premiums for said insurance paid in fraud of creditors, with interest thereon, shall inure to their benefit from the proceeds of the policy."

Sec. 39. "Every policy of life insurance made payable to * * * a married woman, * * * shall inure to her separate use and benefit, and to that of her children,

according to the terms * * * of the policy * * * subject to he above provisions relating to premiums paid in fraud of creditors."

The trustee points to the wording of R.S. N.J.1937, 17:34-28, 2 Comp.St.1910, p. 2850, § 38, which permits premiums paid in fraud of creditors to be recovered from the "proceeds" of the policy, and argues that the term "proceeds" includes within its meaning the cash surrender value.

While it is conceivable that the definitions of "proceeds" given in Websters International Dictionary, Black's Law Dictionary, Words and Phrases, First, Second, Third, and Fourth Series, and Corpus Juris could be interpreted as including the cash surrender value of an insurance policy, nevertheless in Lanning v. Parker, 84 N.J.Eq. 429, 434, 94 A. 64, the Court of Chancery of New Jersey said (page 66): "* * * True it is that the right of creditors to recover the premiums *does not arise until the death of the assured.* * * * The further provision, that the premiums are to inure to the benefit of the creditors 'from the proceeds of the policy,' is of importance only as furnishing a security for the payment of the premium in the hands of the insurance company, or in those of third parties. The evident scheme of the Legislature was, * * * to place a limit upon the amount the beneficiary was to pay for the exemption or immunity afforded her by the statute, gradually scaled down by the bar; and not in limitation of the right of action which was already assured her by the statute for the limitation of actions. * * *"

Though the state court in Lanning v. Parker, supra, did not have presented to it the question of whether or not the creditors could reach the cash surrender value as "proceeds," it effectively ruled on that point by holding that the right of creditors did not arise "until the death of the insured." In so ruling it quoted from the case of York v. Flaherty, 210 Mass. 35, 96 N.E. 53, in which the Supreme Court of Massachusetts said (page 54): "These premiums by the terms of the statute are to inure to the benefit of the creditors 'from the proceeds of the policy,' and in no other way. The right to recover their amount *cannot accrue until the maturity of the policy, which was to be upon Mr. Flaherty's death.* * * * No action could have been maintained by a creditor of Mr. Flaherty at the time of the payment of any premium, either against

the company * * * or any one else, *for there could be then no proceeds of the policy.*"

[1, 2] Since the right of creditors does not arise during the lifetime of the insured, it follows definitely that the creditors cannot reach the cash surrender value of the policies in the instant case even though the premiums were paid in fraud of creditors. Assuming that this policy is one providing a haven for fraud, we are nevertheless bound by the decisions of the courts of New Jersey interpreting an exemption law of that state. In' re Demarest et al., D.C.N.J., 110 F. 638. See, also, numerous cases cited in 11 U.S. C.A. § 24, note 14, pp. 307, 308, 309.

It is true that the case of In re Goodchild, D.C.E.D.N.Y., 10 F.Supp. 491, cited by the trustee, supports his contention and involves the identical question here presented, yet the decision in that case depended upon section 55-a of the Insurance Law of New York, Consol.Laws c. 28, and not upon the laws of New Jersey. Though section 55-a of the New York act and sections 38 and 39 of the New Jersey act are very similar, in view of the decision in Lanning v. Parker, supra, the case of In re Goodchild, supra, cannot affect our present decision.

The order of the District Court is affirmed.