The complainant filed a bill of interpleader against the defendants who claim to be entitled to the proceeds of two insurance policies issued by the complainant on the life of Charles H. Schroder, now deceased. One policy was issued on March 28th, 1931, for the sum of $1,000 (Exhibit D-2); the other was issued on September 7th, 1936, for $500 (Exhibit D-1). When the policies were issued, the beneficiary named in them was the "executors, administrators or assigns of the insured." The insured, on February 10th, 1932, changed the beneficiary in the $1,000 policy (Exhibit D-2) to "Ina F. Mantz, Step-daughter of the Insured;" and on November 27th, 1936, he changed the beneficiary in the $500 policy to "Ina F. Hurley, stepdaughter of the Insured." Ina F. Mantz and Ina F. Hurley are one and the same person. *Page 481 
The change in the name of Mantz to Hurley resulted from the beneficiary's marriage to James Hurley.
On October 21st, 1939, the decedent Schroder married Florence E. Schroder, the defendant herein. He died on April 12th, 1940.
The $1,000 policy contains the following clauses:
"Change of Beneficiary. — If the right to change the Beneficiary has been reserved the Insured may at any time while this Policy is in force, by written notice to the Company at its Home Office, change the Beneficiary or Beneficiaries under this Policy, such change to be subject to the rights of any previous assignee and to become effective only when a provision to that effect is endorsed on or attached to the Policy by the Company, whereupon all rights of the former Beneficiary or Beneficiaries shall cease."
"Assignments. — Any assignment of this Policy must be in writing, and the Company shall not be deemed to have knowledge of such assignment unless the original or a duplicate thereof is filed at the Home Office of the Company. The Company will not assume any responsibility for the validity of an assignment."
The policy for $500 (Exhibit D-1) contains substantially the same provisions as the last quoted clauses. The insured reserved the right to change the beneficiary in both policies.
The defendant Florence E. Schroder, in effect, testified that in October, 1939, she heard her husband, the decedent, telephone to the defendant Ina F. Hurley and make an appointment for her to meet him at the Scotch Plains bank for the purpose of effecting a change of beneficiary in the policies. She testified that she and her husband and an agent of the complainant company waited at the bank on the day appointed for the meeting, but that Ina did not appear. The decedent, she said, before their marriage, in the latter part of September, 1939, in her presence, in her mother's home, stated to Walter Bowden, an insurance premium collector for the complainant company, that he could not find his policies, and believed that the complainant had them in its possession; that the beneficiary named in the policies was his "estate" and that he wanted to change the beneficiary named in them. Bowden, the agent to whom it is alleged the decedent spoke, had been collecting premiums for the complainant from the family of the defendant Florence E. Schroder. Mrs. Schroder *Page 482 
further testified in effect, that on or about January 18th, 1940, in their home, the decedent, her husband, conversed with Nathan Hollander, another premium collecting agent of the complainant company, about changing the beneficiary in his policies, and Hollander volunteered to get in touch with Mrs. Hurley about it; that afterward, in the month of February, Hollander while in the home of decedent's wife collecting insurance premiums was asked by the decedent if he had "any luck in getting in touch with Mrs. Hurley;" and that Hollander said "no;" that about two weeks later, Hollander with Samuel Smelson, an assistant superintendent for complainant, while collecting premiums at the home of the witness' mother, were told by the decedent that he was endeavoring to have Mrs. Hurley fill out a "from" which would effect a change of beneficiary in his policies. Smelson then said to the decedent "give me the form and Mr. Hollander and I will try to get Mrs. Hurley to sign it."
Hollander, in substance, testified that Schroder believed that the original policies were "lost;" that he told Schroder that he "would look into it;" that the company's agent, Walter Bowden, "handed me a certificate of lost policy" which required the signature of the insured; that he left that form with Mrs. Schroder to have it signed; that sometime in February, 1940, he and Samuel Smelson, the complainant company's assistant superintendent, were told by decedent Schroder that he did not seem able to contact Mrs. Hurley. Whereupon Smelson said "we would try to contact her;" that he and Smelson called several times at Mrs. Hurley's home for the purpose of obtaining the policies, but were unsuccessful in finding her. Hollander said that he reported his efforts to find Mrs. Hurley to Schroder about the first week of March, 1940. He further testified that he telephoned to Mrs. Hurley's home and a man "who said that he was Mrs. Hurley's husband" answered the call; that he communicated to him the insured's message about changing the beneficiary in the policies; that the person to whom he spoke said Mrs. Hurley "could not be seen" as she was then ill in the Muhlenberg Hospital in Plainfield, New Jersey, and "he did not want her disturbed." *Page 483 
Smelson testified to unsuccessful efforts that he and Hollander had made to get in touch with Mrs. Hurley at her home. Henry S. Gildersleeve, the widow's brother-in-law, and her sister, Edna B. Gildersleeve, testified that they heard the decedent Schroder tell Smelson and Hollander that he wanted to make his wife beneficiary in his policies.
The defendant Ina F. Hurley, in effect, testified that the decedent Schroder was her step-father; that after her mother's death, he resided in her home up to October, 1939, when he married the defendant Florence E. Schroder; that the decedent had always been on friendly terms with her and that they were friends up to the time of his death; that he had been employed in a food market; that it was his custom at least once a month to visit her home and present her with food stuffs. That about February 22d 1940, she received a birthday card from him, signed "Chas. S." She denied that she had ever been contacted or consulted by either Schroder, or any other person, about the policies of insurance on Schroder's life in which she is named as beneficiary. She denied the telephone conversation which the defendant Florence E. Schroder testified the decedent had with her about a meeting in the Scotch Plains bank to change the name of the beneficiary in the policies; she said that she never had such conversation. She also stated that she had made no appointment or engagement to meet the decedent Schroder, or any representative of the complainant company. She said that on February 20th, 1940, she was taken to Muhlenberg Hospital in Plainfield suffering from a serious illness and that she was confined to that hospital for approximately three months, until May, 1940. Her husband, James Hurley, testified that in March, 1940, he received a telephone message from Hollander about the "lost policy certificate" and that he told his wife the defendant Ina F. Hurley about it. Ina F. Hurley denied receiving such information from her husband.
Hollander in his testimony about the telephone conversation with James Hurley, said that Hurley requested him not to tell the Schroders about their conversation and, consequently, in deference to Hurley's wishes, he did not tell them about it. That concealment of his conversation with Hurley *Page 484 
from the Schroders, whom, evidently, he was representing, does not place Hollander in a favorable light; it serves to affect his credibility and cast doubt on his sincerity of declared purpose.
The policies in question provide the manner in which a change of beneficiary may be effected. There is no doubt that the direction in the policy to effect a change of beneficiary was not followed by the decedent, or by those who allegedly undertook to act for him. No written notice to effect the change was delivered at the home office of the complainant company, nor was there any assignment of the policy in writing delivered "at the Home Office of the Company."
The cases are quite clear as to the attitude of the courts of this state in such matters. One of the leading cases on the subject is that of Prudential Insurance Company of America v.Swanson, 111 N.J. Eq. 477. The court in the Swanson Case
observed (at p. 481) that:
"`It is uniformly held that where insured's failure to complete a change of beneficiary in his policy, before his death, by a return of the policy to the insurer, was caused by a refusal of the beneficiary named therein to surrender the policy to him, his efforts, if otherwise in substantial compliance with the requirements imposed by statute or contract, will at least, as between the persons claiming as beneficiaries be given effect, and the equitable right of the person designated by him as the new beneficiary will prevail over the strict legal title appearing on the face of the policy.' 36 A.L.R. 771."
In the instant case the beneficiary in the policies was not contacted by either the decedent or the insurance company's agents. There is no evidence that she refused to deliver the policies to the insured, or to anyone acting for him. Whatever evidence has been supplied about the efforts to reach the beneficiary, Ina F. Hurley, was supplied by a party in interest, the claimant, Florence E. Schroder, her relatives and the agents of the complainant company who collected premiums from them. No oral demand or written demand by letter, or otherwise, appears to have been made upon the beneficiary for the policies. In theSwanson Case, supra, the court, in part, *Page 485 
observed (at p. 485): "He was physically able to personally demand or write for the policy had he wanted it." The beneficiary in the Schroder policies said she was on friendly terms with the decedent; that he had called at her home at least once a month and on such occasions he never made any reference to the policies in question. He died while she was a patient in the Muhlenberg Hospital.
While the insured's widow, Florence E. Schroder, the defendant, testified to the alleged telephone conversation had by her husband with the defendant Ina F. Hurley (which is denied), such testimony, it may be pertinent to say, is presumably hearsay and without probative weight. Beyond testifying to her husband talking "on the 'phone" Mrs. Schroder could have no knowledge as to the identity of the person with whom the conversation was had, or what that person may have said to her husband, except through hearsay information supplied by her husband. The defendant Florence E. Schroder, says the insured, after his alleged telephone conversation with Ina F. Hurley in October, 1939, turned the matter of bringing about a change of beneficiary over to the collecting agents of the complainant. From the testimony of Florence E. Schroder that the insured conversed with Ina F. Hurley on the telephone in October, it does not appear that the insured had difficulty in reaching her on the telephone, yet it seems odd that he could not again get in touch with her through similar means of communication.
Assuming that it was the intention of the decedent to change the beneficiary, nevertheless, the beneficiary mentioned in the policies of insurance has the right and the privilege of insisting upon a compliance with the terms of the policies to effect a change. Prudential Insurance Company of America v.Swanson, supra. In the instant case the insured failed to send a "written notice to the company at its Home Office" that he wanted to change the beneficiary in his policies, c. His course of conduct, to some extent, seems to have been advised by the agents of the insurance company; they knew, or should have known, that the policies contained clauses which point out the manner in which an insured may change a beneficiary; and they should have informed him that to effect *Page 486 
a change of beneficiary, he should have observed the terms or provisions of the policy to bring about a change.
I am not convinced, in the instant case, that the beneficiary designedly avoided meeting the insured decedent, or those witnesses who testified that they had endeavored to get in touch with her about the policies.
Our courts say:
"`As a general rule, the interest of an individual designated as beneficiary in a policy of insurance is a vested property right, payable to him if he outlives the insured, which right can only be divested by the insured making a change in beneficiary in the manner provided by the policy contract. Consequently, an assignment of such policy by the insured, even if made in full compliance with terms similar to those contained in the policy now under consideration, is ineffectual as against such beneficiary. Metropolitan Insurance Co. v. Clanton, 76 N.J. Eq. 4; Sullivan v. Maroney, 76 N.J. Eq. 104; affirmed, 77 N.J. Eq. 565; Anderson v. Broad Street National Bank, 90 N.J. Eq. 78; affirmed, 91 N.J. Eq. 331; Metropolitan Life Insurance Co.
v. Tesauro, 94 N.J. Eq. 637.'" (Prudential Insurance Companyof America v. Swanson, supra (at p. 482).
Of course, the insured will be released from a strict observance of the terms of his policy if he can convince the court that he has made every reasonable effort to effect a change of beneficiary. In the instant case I am not convinced that all was done towards that end that reasonably could and should have been done. I think that Ina F. Hurley under all the circumstances, is entitled to the proceeds due under the two policies of insurance. *Page 487