This is an interpleader suit to determine who is entitled to the proceeds of a life insurance policy in the amount of $1,000 on the life of Frederick V. Heidrick. The suit is brought by the insurance company and joins as defendants the first wife and the widow of the insured, who died on February 7th, 1943. The policy, which had run for several years prior to the death of the insured, was payable by its terms to "his wife, Annette M. Heidrick," who was his first wife and who had secured a divorce from him, which became final on February 25th, 1942. He married the other defendant on September 14th, 1942. No change of beneficiary was made on the books of the insurance company and, except for the possible effect of a separation agreement entered into between the deceased and his first wife on March 4th, 1941, *Page 327 
the right of the first wife to collect the amount of the policy would be unquestioned.
However, the second wife contends that the effect of the separation agreement was to divest the first wife of all rights under the policy, so that she became entitled to payment of the insurance. In my opinion such is not the effect of the separation agreement. While the parties were separated, apparently because of the desertion of the wife by the husband, as she secured a divorce later on that ground, the agreement of March 4th, 1941, was executed. The relevant provisions of this are as follows: The parties were to continue to live apart, and the wife agreed to accept "in full settlement and payment of all obligations of the husband, past, present and future, including counsel fees, the sum of Twenty-two hundred dollars ($2,200.00)."
"10. Each party hereby waives and releases to the other any and all claims which he or she may or might have or claim to have against the other by reason of any matter, cause or thing whatsoever, to the date of this agreement, except from the provisions hereof."
"12. Each party hereby waives the right conferred by law to elect, as against any will of the other, the intestate's share to which he or she may or might otherwise be entitled, and also hereby waives and releases any claim which he or she may or might have had against the estate of the other, and any and all right to administer the estate of the other. Each party hereby covenants and agrees to and hereby does ratify and confirm any and all wills of the other, wherever and whenever made, and the right of each party to own, enjoy and hold title to real and personal property now owned by either of them or which shall hereafter belong to or come to either of them, all independent of any claim of the other party, and as securely and as effectively as if each of the parties were unmarried.
"13. Each of the parties shall and will at any time or times hereafter, make, execute and deliver to the other such further assurances as the other party shall reasonably require for the purpose of giving full force and effect to the terms, conditions and covenants of this agreement.
"14. If the marriage between the parties shall hereafter be dissolved, as hereinbefore provided, the consideration mentioned in this agreement and passing from the husband to the wife, shall be deemed to be in full satisfaction and discharge as well of alimony, counsel fees, court costs and any other claims and demands that might or could be made by the wife against the husband."
The effect of these provisions was to release the husband from any claim against him or his estate, but her claim under the insurance policy is neither against him nor his estate, *Page 328 
but is against the insurance company. The policy itself contains no express provision giving the insured the right to change the beneficiary, nor any express provision denying him that right. However, in the application for the policy was the following question: "Do you reserve the right to change the beneficiary from time to time?" which the insured answered "No." This would indicate that the insured did not wish to have the right to change the policy, even if this did not deprive him of the right. In fact, he never made any application to the company to effect such a change.
The general rule is that the interest of a person named as a beneficiary in an insurance policy is a right vested in the beneficiary, from which he can be divested only by a formal change of beneficiary on the books of the insurance company.Metropolitan Insurance Co. v. Clanton, 76 N.J. Eq. 4;Sullivan v. Maroney, 76 N.J. Eq. 104; Anderson v. BroadStreet National Bank, 90 N.J. Eq. 78; Prudential InsuranceCompany of America v. Mantz, 128 N.J. Eq. 480.
The policy was produced by the second wife, who testified that the insured told her that the policy was to be hers, and that she paid the subsequent premium. In fact, this was only a nominal amount; whereas, the first wife testified that for a long period of time she herself had paid the premiums. The assignment, if any, was oral only, consisting of the statement of the insured to the second wife that he intended her to be the beneficiary.
The present case is to be distinguished from that referred to in the case of Metropolitan Life Insurance Co. v. Haggerty,109 N.J. Eq. 663, where the disposition was of funds payable to the insured himself, and where no vested rights of a third person were in question.
In Metropolitan Insurance Co. v. Clanton, 76 N.J. Eq. 4,
the court said:
"The persons originally indicated as the beneficiaries have the right to insist upon a compliance with their terms, and that the provisions are not merely regulations whose enforcement is at the option of the company alone and which are waived by the payment of the fund into court. * * *."
A decree will be advised directing that the proceeds of the policy be paid to the first wife. *Page 329