### UNITED STATES v. BURGO et al.
### Civ. No. 9982.

District Court, D. New Jersey.
July 22, 1948.

Edgar H. Rossbach, U. S. Atty., of Newark, N. J., Grover C. Richman, Jr., Asst. U. S. Atty., of Camden, N. J., Theron Lamar Cau le, Asst. Atty. Gen., and Harry B. De Atley, Sp. Asst. to Atty. Gen., for plaintiff.

Bartholomew A. Sheehan, of Camden, N. J., for defendants Joseph and Rose Burgo.

Bruce A. Wallace, of Camden, N. J., and Todd Daniel, of Philadelphia, Pa., for defendant Sun Life Assur. Co. of Canada.

Starr, Summerill & Davis and Lewis Abbott Starr, all of Camden, N. J., for defendant Metropolitan Life Ins. Co.

MADDEN, District Judge.

This matter was tried by the court without a jury and presented the following issues.

The plaintiff, United States of America, alleged the existence of two tax assessment liens, one dated December 28, 1944, in the amount of $12,908.80 (Exh.P. 1) and another dated September 18, 1945, in the amount of $18,145.76 (Exch.P. 2) for a total of $31,054.56 against the defendant Joseph Burgo, and it seeks by this suit to impose these liens upon three policies of insurance held by the beneficiary defendant, Rose Burgo, insuring the life of said Joseph Burgo and requiring the defendants, Joseph Burgo and Rose Burgo, to surrender said policies of insurance; and further requiring the life insurance companies to inform the court what the cash surrender value of such policies is and to pay to the plaintiff such sum as represented by the cash surrender value.

The policies involved are as follows. Policy No. 14987280A (Exh.P. 3) in the Metropolitan Life Insurance Company, dated March, 4, 1944, in the face amount of $25,000; Policy No. 1708245 (Exh.P. 4) and Policy No. 1708246 (Exh.P. 5), both in the Sun Life Assurance Company of Canada, both dated April 14, 1944 and each in the face amount of $10,000.

The defendant insurance companies admitted the existence of the policies and expressed their desire and willingness to abide by any order of the court in the mat-

ter and at the trial, produced the cash surrender figures as follows:

| Policy No. | Company | Cash Surrender Value |
|---|---|---|
| 1708245 | Sun Life | $1428.43 as of Oct. 2, 1947 |
| 1708246 | Sun Life | 1428.43 as of Oct. 2, 1947 |
| 14987280A | Metropolitan | 2344.06 as of Dec. 2, 1947 |

The defendant, Joseph Burgo, denied ownership of the policies and asserted ownership in the defendant, Rose Burgo. Rose Burgo alleged sole and complete ownership of the policies in question and, in addition, alleged that such policies or their proceeds were exempt from such lien or levy by operation of state law.

No one contested the existence of the tax liens hereinbefore mentioned or their applicability to the defendant, Joseph Burgo.

Upon the trial, the plaintiff proved the existence of the tax liens and the policies and placed the same in evidence together with a stipulation as to the cash surrender value of the policies.

■ The defendants produced one witness, a Mrs. Ann Rapini, a daughter of the defendant, who testified that she was present when the insurance was ordered; that it was ordered by her mother (Rose Burgo) upon the life of her father (Joseph Burgo); that upon delivery of the policies to the mother by the agents, she, Ann Rapini, kept them for her mother in her own personal safe deposit box. In addition, she produced checks in payment of the life insurance premiums all signed by Rose Burgo, individually, on her own bank account, as follows:

| April 3, 1944 | Metropolitan Life Ins. Co. | $1472.50 | Exh. D. 1 |
| March 5, 1945 | Metropolitan Life Ins. Co. | 1472.50 | Exh. D. 2 |
| March 6, 1946 | Metropolitan Life Ins. Co. | 1472.50 | Exh. D 3 |
| April 18, 1944 | Sun Life Assurance Co. | 749.50 | Exh. D. 4 |
| May 29, 1944 | Sun Life Assurance Co. | 749.50 | Exh. D. 5 |
| March 5, 1945 | Sun Life Assurance Co. | 1499.00 | Exh. D. 6 |
| March 12, 1946 | Sun Life Assurance Co. | 1499.00 | Exh. D. 7 |

This proof is rebutted in no way except by the argument of counsel that the policies in question are in the name of defendant, Joseph Burgo, and that he has the right at any time to change the beneficiary. An examination of the policies discloses this to be so but, likewise, discloses that as a condition precedent in all of the policies to change the beneficiary, the policy must be physically surrendered to the company.

According to the uncontradicted proofs, the defendant debtor, Joseph Burgo, never had possession of the policies or any property right therein so I must decide upon the facts that the policies are the sole and exclusive property of the defendant, Rose Burgo.

This disposes of the matter upon a question of fact, but I think for orderly procedure, I should pass upon the question of law raised.

■ Defendant, Rose Burgo, raises the exemption statute of the State of New Jersey and seeks refuge thereunder. It is as follows:

N.J.S.A. 17:34-28 "When a policy of insurance is effected by any person on his own life, or on another life in favor of a person other than himself having an insurable interest therein, the lawful beneficiary thereof, other than himself or his legal representatives, shall be entitled to its proceeds, against the creditors and representatives of the person effecting it. The person to whom a policy of life insurance is made payable may maintain an action thereon in his own name. Subject to the statute of limitations, the amount of any premiums for the insurance paid in fraud of creditors, with interest thereon, shall, however, inure to their benefit from the proceeds of the policy, but the company issuing the policy shall be discharged of

all liability thereon by payment of its proceeds in accordance with its terms, unless, before the payment, the company shall have written notice by or in behalf of some creditor, with specification of the amount claimed, claiming to recover for certain premiums paid in fraud of creditors."

The government does not allege its rights under the latter part of the act for as can be seen by the exhibits the premiums were paid by the defendant, Rose Bergo, out of her own funds and the plaintiff is not a creditor of hers.

Therefore, does the statute take the policies in question out of the reach of the creditor plaintiff? I think it does.

This Circuit (Third Circuit Court of Appeals) has already considered the very statute in question in the case of Greiman v. Metropolitan Life Insurance Co., 3 Cir., 96 F.2d 823, and disposed of the two questions, namely, does the law of New Jersey respecting exemption from executions apply? and, does the statute take the policies in question out of the reach of the creditors? In answer to the first point, Judge Davis said in the opinion, 96 F.2d page 825:

"We are nevertheless bound by the decisions of the courts of New Jersey interpreting an exemption law of that state. In re Demarest et al., D.C.N.J., 110 F. 638. See, also, numerous cases cited in 11 U.S. C.A. § 24, note 14, pp. 307, 308, 309."

And on the second question, Judge Davis said, 96 F.2d page 824:

"There can be no doubt that, had the payments of premiums not been in fraud of creditors, the cash surrender values of these policies could not be reached by the trustee in bankruptcy."

And supporting this same view in the recent case in the 7th Circuit, Fogel v. Bangs, 164 F.2d 214, where the court held, first, that the proposition that an exemption is to be determined by the law of the state of the debtor's domicile is so conclusively settled that it need not be discussed, and second, that the statute there under consideration, similar to the New Jersey statute, sustained the view that the policies of insurance were exempt.

As a part of its opinion, the court said, 164 F.2d page 216:

"In construing an exemption provision, it is pertinent to keep in mind the well established rule that such a provision should be interpreted liberally in favor of those for whose benefit it is enacted."

An exhaustive study of the statute under consideration in the present case was made by Judge Ackerson for the Supreme Court of New Jersey in Slurszberg v. Prudential Ins. Co. of America, 192 A. 451, 15 N.J. Misc. 423, and in denying the claim of creditors to obtain the cash surrender value of life insurance policies, he said, 192 A. page 455:

"The plaintiffs point out that the policy in question specifically reserves to the insured the right to change the beneficiary, surrender the policy for its cash surrender value at will, and recognizes his legal right to assign his right, title and interest therein. They, therefore, argue that, since the insured's right to surrender the policy for its cash surrender value is superior to the right of the beneficiary therein, this right must necessarily pass under a creditor's execution of sale of the right, title and interest of the insured in the policy. In other words, it is contended that the purchaser at such a sale may, in the language of the policy, 'legally surrender' the policy and obtain its cash surrender value, without the consent of the insured manifested in the manner required by the policy.

"To sustain such a claim would wholly destroy the intent and purpose of the legislation in question and deprive beneficiaries in such cases of the protection the Legislature intended for them. A policy thus surrendered would not be 'legally surrendered' within the meaning of the policy if its effect would be to defeat the object of the statute.

"The mere reservation to the insured of the right to nullify or destroy the interest of the beneficiary, whether we consider it vested or contingent, cannot be extended or enlarged to such an extent that the reservation is to be regarded as operating automatically from the time it was made, which would have the effect in such poli-

cies of canceling the interest of the named beneficiary at the same instant such interest was created. To hold thus would not only be an absurdity, but would be violative of the policy adopted by the Legislature in the enactment of section 38 and 39 of our 'Insurance Act [N.J.S.A. 17:34–28, 17:34–29]'

"While it may be true that the insured may cash in his policy without regard to the wishes of the beneficiary, that reserved right, since the insurance was effected and taken out for the benefit of the latter to give force and effect to the statute, must, as to creditors seeking to exercise it in the place and stead of the insured, where the latter has not acted, be deemed and held subordinate to the rights of the beneficiary. There are no sound reasons, either in morals or in equity and good conscience, why the creditor, to the detriment of the beneficiary, should be given the right and privilege of the insured in such cases. No credit is extended to the insured on the faith of the insurance, for all persons dealing with him are bound to know the law, and that money to become due thereon, when payable to a third person, having an insurable interest, is exempt from their claims. The Legislature was careful to protect the just claims of creditors, and to give them all that they could equitably ask for when it provided at the end of section 38 of the 'Insurance Act' as follows: 'Provided, that, subject to statute of limitation, the amount of any premiums for said insurance paid in fraud of creditors, with interest thereon, shall inure to their benefit from the proceeds of the policy.' A similar provision is found at the end of section 39 of said act, thus clearly evincing a legislative intent to provide for the just claims of all concerned in such policies and defeating the plaintiffs' contention that to deny their claim would be establishing a haven for fraudulent debtors."

I, therefore, feel bound to hold that the policies in question are free of the lien of the United States against the defendant, Joseph Burgo, and the suit must consequently be dismissed.