## UNITED STATES v. BURGO et al.

No. 9812.

United States Court of Appeals
Third Circuit.

Argued April 8, 1949.

Decided May 23, 1949.

Edmund D. Doyle, Washington, D. C. (Theron Lamar Caudle, Assistant Attorney General, Ellis N. Slack, Robert N. Anderson, Harry B. DeAtley, Special Assistants to the Attorney General, Alfred E. Modarelli, United States Attorney, Newark, N. J., Grover C. Richman, Jr., Assistant United States Attorney, Camden, N. J., on the brief), for appellant.

Joseph J. Summerill, Camden, N. J. (Starr, Summerill & Davis (formerly Starr, Summerill & Lloyd), Camden, New Jersey, on the brief), for Metropolitan Life Ins. Co.

Bartholomew A. Sheehan, Camden, N. J., for Rose and Joseph Burgo.

Before MARIS, GOODRICH and KALODNER, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal from the judgment of the United States District Court for the District of New Jersey dismissing the complaint in a civil action filed by the United States against Joseph Burgo, Rose Burgo, his wife, Metropolitan Life Insurance Company and Sun Life Assurance Company of Canada. In the action the Government sought a judgment against defendant Joseph Burgo for certain taxes on distilled spirits alleged to be due by him, a determination that three insurance policies on his life under which defendant Rose Burgo was beneficiary were subject to the lien of said taxes, and an order against the two defendant insurance companies directing them to pay the cash surrender value of the policies into the Registry of the Court for application on said taxes.

The liability of defendant Joseph Burgo for the taxes, amounting to $31,054.56, arose out of the operation of two illicit distilleries in New Jersey in 1935 and was not contested by him at the trial. The Government offered in evidence exemplified copies of the assessments of the taxes in question. It also offered in evidence three life insurance policies, one in the face amount of $25,000 issued by the Metropolitan Life Insurance Company and two in the face amount of $10,000 each issued by the Sun Life Assurance Company of Canada. All three policies were issued in 1944 to Joseph Burgo as insured, Rose Burgo, his wife, being named in each policy as beneficiary with the right reserved to the insured to change the beneficiary in accordance with the provisions of the policy which in each case required the request to be accompanied by the policy and the change to be endorsed on the policy before it could take effect. Attached to each policy was a copy of the application therefor signed by Joseph Burgo in which he stated that he was in the glass business and that the premiums on the policy would be paid by him. Finally the Government offered evidence of the cash surrender values of these policies, $2,344.06 in the case of the Metropolitan policy, and $1,428.43 each in the case of the Sun policies.

The defendants offered the testimony of Anna Rapini, a daughter of Joseph and Rose Burgo, to the effect that the applications for the policies were made to the agents of the insurance companies by her father and mother together, that the policies were delivered to her mother who retained possession of them either in her own hands or in the safe deposit box of her daughter from the date of their delivery until the time of trial and that her mother had paid all the premiums on the policies by checks drawn on her own bank account out of her own money. On this evidence the trial judge made the following finding of fact: "According to the uncontradicted proofs, the defendant debtor, Joseph Burgo, never had possession of the policies or any property right therein so I must decide upon the facts that the policies are the sole and exclusive property of the defendant, Rose Burgo."

Upon the foregoing finding of fact the trial judge concluded that the lien of the taxes owing by defendant Joseph Burgo did not extend to the three life insurance policies in question and he thereupon dismissed the suit, without discussing in his opinion the motion of the Government for a judgment against defendant Joseph Burgo for the amount of taxes in question. 79 F.Supp. 143.

Since the liability of defendant Joseph Burgo for the taxes in question was not disputed or denied at any time during the proceeding it is clear that the district court erred in dismissing the complaint in toto and that the court should have granted that much of the relief sought by the Government. We think, however, that the district court was right in dismissing the complaint insofar as it sought to impress the Government's lien for the taxes in question upon the three insurance policies in controversy and apply their cash surrender values toward the payment of such taxes. For we cannot hold, under the evidence in this case, that the district court's finding of fact that the policies were the sole and exclusive property of defendant Rose Burgo is clearly erroneous.

The mere fact that the right was reserved by the insured in the policies to change the beneficiary is not enough, under the law of New Jersey, to impair that find-

ing. For the New Jersey courts have held that a beneficiary of a life insurance policy has a vested interest in the policy even though by a change which the insured has reserved the right to make that interest may subsequently be divested.[1] The New Jersey courts have further held that where a policy stipulates that the beneficiary may only be changed by following a specified procedure including surrender of the policy for endorsement a change of beneficiary cannot be effected by any thing short of the procedure specified in the policy.[2] Accordingly, since defendant Rose Burgo had possession of the policies here in question at all times it is quite clear that defendant Joseph Burgo was never at any time in a position to defeat her right to the policies by changing the beneficiary.

It is undoubtedly true, as the Government contends, that state exemption statutes do not apply as against claims of the United States for federal taxes.[3] We are not concerned in this case with the exemption statutes of New Jersey, however, because here the court has found that the policies in question were never the property of defendant Joseph Burgo. For it is equally well settled that the lien of federal taxes extends only to property in which the taxpayer has an interest.[4] Here, as we have seen, the taxpayer, Joseph Burgo, had no interest in the policies and there was, therefore, nothing to which the Government's lien could attach.

The judgment of the district court will be reversed and the cause will be remanded with directions to enter judgment in favor of the plaintiff and against the defendant, Joseph Burgo, for the amount due upon the distilled spirits assessments sued upon, with interest, and to dismiss the complaint as to the defendants Rose Burgo, Metropolitan Life Insurance Company and Sun Life Assurance Company of Canada.

[1] Metropolitan Ins. Co. v. Clanton, 1909, 76 N.J.Eq. 4, 6, 73 A. 1052, 1053; Sullivan v. Maroney, 1909, 76 N.J.Eq. 104, 109, 73 A. 842, 844; Anderson v. Broad St. National Bank, 1918, 90 N.J. Eq. 78, 82, 105 A. 599, 600; Union &c., Life Ins. Co. v. Elizabeth Trust Co., 1936, 119 N.J.Eq. 505, 508, 183 A. 181; John Hancock Mutual Life Ins. Co. v. Heidrick, 1944, 135 N.J.Eq. 326, 38 A.2d 442; Metropolitan Life Ins. Co. v. Woolf, 1946, 138 N.J.Eq. 450, 454, 47 A.2d 340.

[2] Metropolitan Ins. Co. v. Clanton, 1909, 76 N.J.Eq. 4, 7, 73 A. 1052, 1053; Sullivan v. Maroney, 1909, 76 N.J.Eq. 104, 110, 73 A. 842, 844; Metropolitan

Life Ins. Co. v. Tesauro, 1923, 94 N.J.Eq. 637, 120 A. 918; Prudential Insurance Co. v. Mantz, 1941, 128 N.J.Eq. 480, 17 A.2d 279; John Hancock Mutual Life Ins. Co. v. Heidrick, 1944, 135 N.J.Eq. 326, 38 A.2d 442.

[3] Cannon v. Nicholas, 10 Cir., 1935, 80 F.2d 934, 936; Kyle v. McGuirk, 3 Cir., 1936, 82 F.2d 212; Shambaugh v. Scofield, 5 Cir., 1943, 132 F.2d 345, 346.

[4] Cannon v. Nicholas, 10 Cir., 1935, 80 F.2d 934; United States v. Long Island Drug Co., 2 Cir., 1940, 115 F.2d 983; United States v. Warren R. Co., 2 Cir., 1942, 127 F.2d 134.