Yvonne S. DUKE, Executrix of the Estate of Amanda Smith, et al., Appellants,

v.

UNITED STATES of America, Appellee.

No. 17794.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 27, 1964.

Decided Nov. 5, 1964.

Mr. Henry Lincoln Johnson, Jr., Washington, D. C., for appellants.

Mr. George F. Lynch, Atty., Dept. of Justice, with whom Asst. Atty. Gen. Louis F. Oberdorfer and Messrs. David C. Acheson, U. S. Atty., and Alec A. Pandaleon, Atty., Dept. of Justice, were on the brief, for appellee.

Mr. John B. Jones, Jr., First Asst., Dept. of Justice, also entered an appearance for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and DANAHER and McGOWAN, Circuit Judges.

PER CURIAM.

This case involves a challenge to the enforcement of a tax lien sought to be asserted by the United States against the cash surrender values of two insurance policies upon the life of the taxpayer. That such values may be a property interest to which tax liens can attach is settled by United States v. Bess, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958). A separate question is that of whether, on the facts of a particular case, they are property "belonging to" the taxpayer within the meaning of Section 3670 of the 1939 Internal Revenue Code. See United States v. Burgo, 175 F.2d 196 (3d Cir. 1949). It is this latter question which was raised, both in the District Court and on this appeal, at the instance of the taxpayer's wife who claimed to have paid all of the premiums on one policy and a substantial portion of those on the other, and who assertedly had physical possession of the policies.

The record as it comes to us is not too well adapted to the resolution of this issue. However, as the Third Circuit in *Burgo* held that on the record before it it could not regard as "clearly erroneous" the District Court's determination that the taxpayer had no property in the cash surrender values of insurance policies on his life, so do we hold here that on this record we have no warrant to disturb the District Court's conclusion that the values involved here did "belong to" the taxpayer.

Affirmed.