PHILADELPHIA LIFE INSURANCE COMPANY, complainant,

*v.*

LOUISA MOONEY, defendant-respondent, and HELEN A. PARKER, defendant-appellant.

[Submitted October 26th, 1934.   Decided January 10th, 1935.]

*Mr. Robert Peacock,* for the defendant-appellant.

*Mr. William J. Connor,* for the defendant-respondent.

PER CURIAM.

This is an appeal from a decree of the court of chancery in an interpleader suit.   The case involves the disposition of the proceeds of an insurance policy on the life of William H. Mooney, deceased, the claimants being the respondent,

Louisa Mooney, widow of the insured, and the appellant, Helen A. Parker. The respondent was originally the named beneficiary in the policy, but on August 31st, 1932, a change of beneficiary was made in accordance with the terms of the policy, naming Mrs. Parker as beneficiary. Subsequently in January, 1933, an attempt was made by the insured to rename Mrs. Mooney as beneficiary, everything required in this respect being done except surrender of the policy for the purpose of having an endorsement of the change made thereon. The policy was in the possession of Mrs. Parker and the testimony was that she refused to surrender it.

We agree with the finding of the vice-chancellor that there was an effectual change of beneficiary from Mrs. Parker to Mrs. Mooney by the insured, and that the insured did everything within his power to make this change in accordance with the terms of the policy. There was ample proof that he made every reasonable effort to obtain the policy for the purpose of having the change endorsed thereon as required by the case of *Prudential Insurance Co.* v. *Swanson, 111 N. J. Eq. 477.*

With respect to the claim of the appellant for charges for board at $4 per day, and other expenses she claims to have incurred, we agree with the court below that appellant has failed to prove sufficiently the validity of these claims. During the time that the deceased lived with the Parkers, they paid him some $6,000 in cash on account of a mortgage held by him on their property, and it seems doubtful that such payments would be made and his debt for board would not be deducted but wait the death of Mooney to be satisfied out of an insurance policy. Furthermore, it does not sufficiently appear that the assignment of the policy to Mrs. Parker was for the purpose of securing her for payment of these items.

The respondent has not appealed from that portion of the decree which awards appellant the sum of $291.80 claimed to have been advanced by her for the payment of premiums on the insurance policy. That question not being before us, we express no opinion thereon.

The decree is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ.  13.

*For reversal*—None.