PRUDENTIAL INS. CO. OF AMERICA
v. DOUGLAS et al.

Civ. No. 988–49.

United States District Court,
D. New Jersey.

Feb. 19, 1953.

Stryker, Tams & Horner, William L. Dill, Jr., Newark, N. J., for plaintiff.

Bunker & Elliott, Plainfield, N. J., for defendants, Edward Braislin Douglas and Lucy Douglas Day, executor and executrix of the last will and testament of Daniel R. Douglas, deceased, Fredman & Fredman, Samuel Cooper, Jersey City, N. J., for defendant, Lucille Boyle.

MEANEY, District Judge.

Plaintiff commenced this proceeding pursuant to the provisions of the Federal Interpleader Act, 28 U.S.C.A. § 1335. The suit involves an insurance policy issued on the life of Daniel R. Douglas, now deceased. Defendants Edward Braislin Douglas and Lucy Douglas Day, executor and executrix of the estate of the insured, assert their right to the proceeds of the policy, as does defendant Lucille Boyle, friend of the insured and last named beneficiary on the policy. Douglas and Day are citizens of New Jersey, while Lucille Boyle is a citizen of Connecticut. Plaintiff has paid the proceeds of the policy into the registry of the court and seeks a determination of the conflicting claims and a discharge of itself from any liability by or under the policy as regards these defendants. Defendants Douglas and Day filed a counterclaim, and defendant Boyle has filed a cross-claim. No evidence was presented as to these last named pleadings and no reference has been made to them in the briefs of the parties. Consequently they are deemed to have been abandoned.

Trial was held without a jury and decision reserved pending the submission of briefs.

Findings of Fact.

1. On April 15, 1937, plaintiff executed and delivered to Daniel R. Douglas a paid-up life policy numbered P–20154.

2. This policy contained the following provision relating to assignments: "If this Policy shall be assigned, the assignment must be in writing, and the Company shall not be deemed to have knowledge of such assignment unless the original or a duplicate thereof is filed at the Home Office of the Company. The Company will not assume any responsibility for the validity of an assignment."

3. On June 29, 1937, at the request of Daniel R. Douglas, the insured, and the then beneficiary, a rider providing for the right of the insured to effect a change of beneficiary was appended to and made part of the policy.

4. Said change of beneficiary was to be effected by giving written notice to the Company at its home office. In addition said change was "* * * to be subject to the rights of any previous assignee and to become effective only when a provision embodying such change has been endorsed on or attached to the Policy by the Company * * *".

5. Daniel R. Douglas from time to time effected changes of beneficiary. These changes were accomplished in the prescribed manner.

6. In October, 1948 Daniel R. Douglas requested plaintiff to change the beneficiary under the policy to the name of Lucille Boyle.

7. The proper form, dated as of November 19, 1948, was sent to the plaintiff.

8. Action was taken upon this request and the change was accomplished as of December 2, 1948.

9. A rider to this effect, bearing endorsement date of December 2, 1948, was appended to and made part of the policy.

10. In the above-mentioned notification to change beneficiary, there was also an instruction to return the policy to the bene-

ficiary, defendant Boyle, at her residence in Connecticut.

11. On April 13, 1949, Daniel R. Douglas wrote to plaintiff authorizing a change of beneficiary to the executors, administrators or assigns of the insured. This letter was received by the plaintiff.

12. Plaintiff informed the insured that the policy must be returned to it in order to append the endorsement of the requested change of beneficiary.

13. Subsequently plaintiff wrote to defendant Boyle requesting return of said policy for the purpose of endorsing the change of beneficiary thereon.

14. The insured wrote to defendant Boyle on two occasions requesting that she return the policy. These letters were dated April 14, 1949 and May 24, 1949.

15. By letters dated June 21, 1949 and July 22, 1949, Horace E. Bunker, Esq., attorney for the insured, requested the return of the policy by defendant Boyle.

16. By letters dated May 27, 1949 and June 24, 1949, defendant Edward B. Douglas, son of Daniel R. Douglas, requested defendant Boyle to return the policy.

17. Defendant Boyle never returned the policy for the endorsement of the change of beneficiary.

18. Daniel R. Douglas, the insured, died on July 25, 1949.

19. The policy was received by the plaintiff from the custody of defendant Boyle on August 8, 1949.

20. Proofs of death of the insured and of the claim of defendant Boyle were received by the plaintiff on August 8, 1949.

21. On August 24, 1949 proofs of death of the insured and the claim of defendants Douglas and Day were received by the plaintiff.

### Discussion.

The policy being a New Jersey contract, the law of that state governs. See Phoenix Mutual Life Ins. Co. v. Connelly, 3 Cir., 1951, 188 F.2d 462.

Defendant Boyle contends that she is entitled to the proceeds of the policy on two grounds. The first ground is that she is the rightful beneficiary since the proposed change initiated by the insured by his letter of April 13, 1949 was not accomplished in the prescribed manner. Her second contention is that the proceeds of the policy are hers because the transfer of the policy to her was an irrevocable gift. Defendants Douglas and Day oppose these contentions on the grounds that there has been substantial compliance and that the transfer was revocable.

First there will be considered defendant Boyle's contention that there was no valid change of beneficiary in conformity with the terms of the policy. It is the law in New Jersey that the interest of the designated beneficiary in a life insurance policy is a vested property right, even where the right to change the beneficiary has been reserved by the insured. The beneficiary's interest entitles him to the proceeds of the policy if he survives the insured, and he can only be divested of this right where there is a change of beneficiary accomplished as prescribed by the contract. See Metropolitan Life Ins. Co. v. Woolf, E. & A.1946, 138 N.J.Eq. 450, 47 A.2d 340; Prudential Ins. Co. v. Swanson, E. & A.1932, 111 N.J.Eq. 477, 162 A. 597.

By the terms of the policy relating to a change of beneficiary, the insured was required to give written notice to the Company at its home office. This he did. In addition the policy provided that the change would become effective only when the Company had endorsed on or attached to the policy a statement to that effect. This was not done in the instant case since defendant Boyle was in possession of the policy from the end of 1948 until after the death of the insured. However, the New Jersey courts have applied the rule of substantial compliance in these situations. See Swanson case, supra, where at page 483 of 111 N.J. Eq., at page 599 of 162 A. the court said the following: "An examination of cases will show that for the most part the insured is excused from complying with the strict requirements of his policy only where he is able to convince the court that he has done everything within his power to effect a change, and made every reasonable effort to comply with the conditions of a change of beneficiary, and that then the rule that

substantial compliance is sufficient becomes applicable."

■ The facts of the present case, showing written notice to the Company, followed by a course of correspondence by the insured, his attorney, his son and the Insurance Company requesting a return of the policy for this purpose, seem to this court to be sufficient to bring this case within the above quoted rule. See, also, Philadelphia Life Ins. Co. v. Mooney, E. & A.1935, 117 N.J.Eq. 448, 176 A. 166, for a similar holding on similar facts. So, if Daniel R. Douglas, the insured, could exercise the right to change the beneficiary, defendant Boyle would have no right to the proceeds of the policy. It was the declared intention of the insured to change the beneficiary, which intention was frustrated as to a formal requirement by the refusal of the defendant Boyle to surrender the policy for proper endorsement.

This poses the question, and in fact it is the second contention, as to whether the insured had a right to designate a change of beneficiary. A provision to that effect was endorsed on the policy and made a part thereof, and this provision was never cancelled or superseded. Therefore it would seem that the insured had that right down to the day of his death.

■ Defendant Boyle asserts that the transfer of the policy by the insured to her was an irrevocable gift and so there could be no effective change of beneficiary. A leading case on the subject of insurance policies as gifts inter vivos is Guardian Life Ins. Co. of America v. Mareczko, E. & A. 1933, 114 N.J.Eq. 369, 168 A. 642. The following quoted portions are deemed applicable to the instant matter: "A policy of life insurance may, like other choses in action, be assigned as a gift inter vivos, and the assignment requires no consideration to support it. The mere delivery of the policy to the donee, without written assignment, but with a clearly manifested intention to make a gift, is sufficient to satisfy the rule requiring delivery of the thing given. (Citing cases.) * * * The gift of a policy of life insurance must go into immediate and absolute effect, and be irrevocable." See

above case, 114 N.J.Eq. at page 372, 168 A. at page 644. The facts here do not seem to warrant a finding of the intention to make an irrevocable gift. At the time of the alleged gift, the right to effect a change of beneficiary was a part of the policy. No attempt was made in the following months to cancel this right, but on the contrary within a few months steps were taken to exercise said right. Such action partakes of the characteristic of revocability, not irrevocability. Nor does the testimony of defendant Boyle convince the court that this was not the insured's intention.

Conclusions of Law.

1. The court has jurisdiction of this action. See 28 U.S.C.A. § 1335.

2. The attempt by the insured to change the beneficiary of the policy in suit from Lucille Boyle to the executors, administrators or assigns of the insured was a reasonable compliance with the prescribed forms.

3. Daniel R. Douglas, the insured, had reserved to himself the right to change the beneficiary.

4. The transfer of the policy in suit to Lucille Boyle at or about the time of her designation as beneficiary of the policy, was not an irrevocable act.

Judgment for the proceeds of the policy, now in the registry of the court, will be entered in favor of defendants Douglas and Day.

Let an order be submitted in conformity herewith.