71 N.J. Super. 300 (1962)
176 A.2d 814
REVEREND FATHER VINCENT H. STROHSAHL AND EDWARD C. GUNTHER, AS EXECUTORS AND TRUSTEES UNDER THE LAST WILL OF JULIAN THURBER KELLY, DECEASED, PLAINTIFFS,
v.
THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, A MUTUAL COMPANY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided January 2, 1962.
*301 Mr. Edward C. Gunther, attorney for plaintiffs.
Mr. George Warren, guardian ad litem, pro se.
Messrs. O'Mara, Schumann, Davis & Lynch (Mr. J. Alan Drummond, appearing), attorneys for Captain Robert B. Kelly and Hazel Kelly, his wife.
Messrs. Lamb, Langan & Blake (Mr. H. Curtis Meanor, appearing), attorneys for defendant.
PASHMAN, J.S.C.
This matter is before the court on a stipulation of facts agreed to by all of the *302 interested parties and concerns the novel question of whether an insured may effectively, by will, alter the mode of insurance proceeds distribution to his named beneficiaries without substantially complying with the "change of beneficiary" provisions in his policies of life insurance.
The facts are substantially as follows: Julian T. Kelly died on August 8, 1959 as the result of pulmonary tuberculosis. At the time of the decedent's death his life was insured under five individual life insurance policies and one group insurance plan issued by defendant the Equitable Life Assurance Society of the United States (hereinafter Equitable). The beneficiaries under each of the policies in question were the decedent's children, Lucy Merritt Kelly and William Thurber Kelly, age eight and six years respectively.
The five individual life insurance policies provided, with respect to a change of beneficiaries, that:
"The owner may change the beneficiary from time to time prior to the death of the insured, by written notice to the Society, but any such change shall be effective only if it is endorsed on this policy by the Society * * *." (Emphasis added)
The group insurance policy also contained language dealing with a change of beneficiaries by the insured, viz.:
"Upon receipt of due proof of the death of any employee occurring while insured under this policy and while this policy is in force, the Society agrees to pay, at its Home Office in the City of New York, to the person or persons entitled thereto under the provisions of this policy, the amount for which such employee's life is insured.

* * * * * * * *
The beneficiary shall be the person or persons designated on the insurance records described in the provision hereof entitled `Records and Reports,' in accordance with the employee's election. Any employee may from time to time while insured hereunder change the beneficiary by a written request signed by the employee, but such change shall take effect only upon its entry on such records.

* * * * * * * *
The Society or, upon written agreement between the employer and the Society, the employer shall maintain records setting forth the names of all employees insured and their respective beneficiaries."
*303 On September 15, 1959 plaintiff Edward C. Gunther, as one of the trustees and executors under the will of the decedent, filed proofs of death with Equitable in connection with the decedent's group insurance coverage. Since the group insurance records reflected that the insured's children were the designated beneficiaries at the time of the decedent's death, Equitable advised Gunther that a claim should be made by the children rather than by the executors of the insured's estate.
On September 22, 1959 Equitable, in response to Gunther's inquiry concerning the five individual life insurance policies, informed him that said policies were payable to the insured's two children, and not to the insured's estate.
Gunther's claim, as executor of Kelly's estate, to the proceeds in question is predicated upon the following paragraph in the decedent's last will and testament:
"All the rest, residue and remainder of my estate, including the principal and/or income due and growing out of all life insurance policies covering my life and made payable to my estate or to my aforesaid beloved children or to either of them, I give, devise, and bequeath unto Reverend Father Vincent H. Strohsahl * * * and Edward C. Gunther * * * or the survivor or survivors of them, as trustees, in trust nevertheless, for the use and benefit of my aforesaid beloved daughter, Lucy Merritt Kelly, and my aforesaid son, William Thurber Kelly * * *."
Decedent's will also provided for the appointment of Reverend Father Vincent H. Strohsahl, Reverend Father Joseph Slagg, Francis C. Kelly and Edward Gunther, or the survivor or survivors of them, as the executors.
Equitable takes the position that a construction of the will of the deceased insured entitling the plaintiffs, as executors of the insured's estate, to the proceeds under the policies in question, would be in violation of the applicable provisions contained in said policies concerning a change of beneficiaries by the insured. Equitable maintains that it has a contractual obligation to make payment of the proceeds to the proper person or persons legally entitled *304 thereto, in accordance with the provisions of the policies, i.e., to the designated beneficiaries who are the decedent's children. I am in substantial agreement with the position advanced by Equitable.
The right of a beneficiary to insurance proceeds is dependent upon the contractual agreement between the insurer and the insured. Generally, an insured may not change the beneficiaries under a policy of life insurance except by substantial compliance with the method prescribed in the insurance contract. See e.g., Prudential Ins. Co. of America v. Swanson, 111 N.J. Eq. 477, 482 (E. & A. 1932); Anderson v. Broad Street National Bank, 90 N.J. Eq. 78 (Ch. 1918), affirmed per curiam, 91 N.J. Eq. 331 (E. & A. 1920); Prudential Insurance Co. of America v. Mantz, 128 N.J. Eq. 480 (Ch. 1941), affirmed per curiam, 130 N.J. Eq. 385 (E. & A. 1941); Metropolitan Life Ins. Co. v. Tesauro, 94 N.J. Eq. 637 (Ch. 1923); and Metropolitan Ins. Co. v. Clanton, 76 N.J. Eq. 4 (Ch. 1909). This rule is predicated upon the doctrine that a beneficiary has a vested right in the insurance proceeds, subject to divestment by a change of beneficiary in accordance with the procedure prescribed in the insurance policy for making a change. See Sullivan v. Maroney, 76 N.J. Eq. 104, 109, 110 (Ch. 1909), affirmed 77 N.J. Eq. 565 (E. & A. 1910); and Prudential Insurance Co. of America v. Mantz, supra, 128 N.J. Eq., at p. 486.
Although the precise question before the court has never been the subject of a dispositive holding in New Jersey or elsewhere, the overwhelming majority rule concerning a change of beneficiaries by will is, that the change of a beneficiary must be made in the manner set forth in the insurance policy and, absent a provision in the insurance contract, any attempt to make such a change by will is ineffectual. See Annotation, 25 A.L.R.2d 999 (1952). This rule is based upon the need for expeditious payment and disbursement of insurance proceeds. Any different solution could only result in protracted litigation, *305 confusion and needless delay. As stated by the Supreme Court of Ohio in Stone v. Stephens, 155 Ohio St. 595, 99 N.E.2d 766, 25 A.L.R.2d 992 (1951):
"`To hold that a change in beneficiary may be made by testamentary disposition alone would open up a serious question as to payment of life insurance policies. It is in the public interest that an insurance company may pay a loss to the beneficiary designated in the policy as promptly after the death of insured as may reasonably be done. If there is uncertainty as to the beneficiary upon the death of insured, in all cases where the right to change the beneficiary had been reserved there would always be a question as to whom the proceeds of the insurance should be paid. If paid to the beneficiary, a will might later be probated designating a different disposition of the fund, and it would be a risk that few companies would be willing to take, unless some specified time had elapsed after the death of insured, or that there had been some court adjudication as to whom the proceeds should be paid.'" 99 N.E.2d, at p. 769.
Although the ultimate beneficiaries are the same under the policies and the will, I nevertheless feel that practicality dictates that the decedent's attempted change in the mode of disposition was as improper as a change of beneficiaries by will would have been. The same delay and confusion would necessarily attend alteration in the mode of disposition of insurance proceeds as would an alteration of the person or persons who would be entitled to the proceeds upon the insured's death. The fact that the insured desired a change in the mode of disposition is immaterial since the sine qua non of effectuating such a change is substantial compliance with provisions in the insurance contract, and not the testamentary disposition attempted by the insured.
Additionally, it deserves mentioning that the insurance contract expressly provided that the insured could only change the beneficiary prior to his death, whereas the attempted change by will would take effect only after the insured had died. Furthermore, the insured's prior changes of beneficiaries, during his lifetime, indicates that the insured thoroughly understood the conditions precedent to proper beneficiary changes.
*306 A further question has been raised concerning the protection of the interests of the decedent's children. Captain Robert Kelly asks that he, as the closest living relative of the decedent's children, be appointed their general guardian. The executors and trustees have made the same request.
The applicable statutory language pertaining to the appointment of general guardians is:
"In an action for the appointment of a guardian for an orphan under the age of 14 years * * * the superior court, upon inquiry into the circumstances of the case, may admit the mother, if she will accept, and if not, or if there be no such mother, then the next of kin or some of them * * *." N.J.S. 3A:6-28.
I am of the opinion that the best interests of the children dictates the appointment of Captain Kelly as the general guardian of the person and property of the decedent's infant children, and it is hereby so ordered. Cf. In re Pfahler, 102 N.J. Eq. 161, 167 (Ch. 1928); and Albert v. Perry, 14 N.J. Eq. 540, 544 (Prerog. 1862). Captain Kelly has demonstrated his willingness to accept the responsibility for the care of the children, as evidenced by the fact that immediately after the decedent's death he took them into his home and treated them as his own children.
It is hereby ordered that the proceeds from the insurance policies in question be paid by Equitable to Captain Kelly as and when he qualifies as the children's general guardian, and that Captain Kelly be appointed general guardian of the decedent's children.
An appropriate form of judgment may be submitted, consented to as to form or to be settled on notice.