166 N.J. Super. 308 (1979)
399 A.2d 1010
BRYAN HAYNES AND LOIS KELLY, PLAINTIFFS-APPELLANTS AND CROSS-RESPONDENTS,
v.
METROPOLITAN LIFE INSURANCE COMPANY, DEFENDANT, AND EVELYN JENKINS, DEFENDANT-RESPONDENT AND CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 23, 1978.
Decided March 1, 1979.
*310 Before Judges ALLCORN, SEIDMAN and BOTTER.
Mr. Oliver Lofton argued the cause for appellants (Messrs. Lofton, Lester & Smith, attorneys; Mr. Ernest R. Booker on the brief).
Mr. Frank O'Neill argued the cause for respondent Evelyn Jenkins (Mr. Abraham Kinstlinger, attorney).
The opinion of the court was delivered by SEIDMAN, J.A.D.
This appeal raises the issues of whether *311 an insured, now deceased, made an effective change of beneficiary on certain life insurance policies owned by him, and, if he did, whether the trial judge correctly determined that the former named beneficiary, the insured's purported wife, was nevertheless "equitably" entitled to one-half of the proceeds.
Between 1959 and 1975, Metropolitan Life Insurance Company issued three policies insuring the life of Hercules Jenkins. The named beneficiary in each was Evelyn Jenkins, whom Jenkins had married in 1957. The policies were in the respective amounts of $5,000, $25,000 and $3,000. It appears from affidavits and a deposition on file (the matter having been decided by the trial judge on a motion for summary judgment) that Evelyn Jenkins had previously been married and had not obtained a divorce when she married decedent.
In April 1976 they separated as the result of domestic problems, and Jenkins retained an attorney, who filed an annulment action in June of that year. He also sought the attorney's assistance in changing the beneficiaries named in the policies. On forms supplied by the insurance company Jenkins requested that the beneficiary on the $5,000 policy be changed to Bryan Haynes, his nephew, and, on the $25,000 policy, to his sister Lois Kelly. He apparently also requested a change of beneficiary in the third policy to his stepdaughter, Sandra Boyd. The latter policy is not directly involved in this appeal. The change of beneficiary forms were sent to the insurance company on June 23, 1976, together with "declaration of loss of policy" forms. The insured explained in the latter that the policies were not in Jenkins' possession because Mrs. Jenkins had "removed policy from my home without authorization," placed them in a bank vault and refused to return them despite "numerous telephone calls and personal requests," and duplicate policies were requested.
On July 8, 1976 the insurance company sent a letter to Mrs. Jenkins advising her of the insured's desire to "exercise his rights" under the policies, which he could not *312 forward to the company because they were not available to him. She was further notified that, in view of the insured's request,
* * * [W]e must consider waiving presentation of the Policy to the Company. Therefore, unless within 30 days of the date of this letter we receive a claim of sufficient interest in this policy that would actually stand in the way of the insured's request, we must proceed in waiving presentation of this policy and grant the insured's request.
Admittedly, Mrs. Jenkins received the letter and did not return the policies. Decedent died on August 5, 1976. Thereafter, Mrs. Jenkins called the insurance company and told one of its employees that she had not responded "because I was going to bury my husband."
Bryan Haynes and Lois Kelly sued Metropolitan Life Insurance Company, demanding payment of the proceeds of the two policies. Mrs. Jenkins was joined as a party defendant. The insurance company filed a cross claim and counterclaim seeking an order directing Bryan Haynes, Lois Kelly, Evelyn Jenkins and Sandra Boyd to interplead their respective claims to the proceeds of the policies, and authorizing it to pay the face amounts of the policies into court. Mrs. Jenkins filed a crossclaim, alleging therein that she had "made substantial payments of premiums * * * in consideration of the aforementioned policies," and that there had been no effective change of beneficiary prior to the insured's death. She sought payment of the proceeds or, in the alternative, the imposition of an equitable lien on the proceeds for premiums she had paid. Sandra Boyd did not enter an appearance in the proceedings below.
Thereafter, following a hearing on plaintiffs' motion for summary judgment and on an order directing the contestants to show cause why the face amount of the $3,000 policy should not be paid to Sandra Boyd if Bryan Haynes and Lois Kelly prevailed on their policies, the trial judge entered a judgment that, in pertinent part, divided the proceeds of each policy equally between Mrs. Jenkins and the respective newly *313 designed beneficiary. Plaintiffs appealed and Mrs. Jenkins cross-appealed.
We consider, first, the question of whether decedent made an effective change of beneficiary. On this issue, in a letter opinion, the trial judge rejected Mrs. Jenkins' contention that the attempted change of beneficiary was not completed because the policies were never surrendered to and endorsed by the insurance company. The judge ruled that the latter, by its letter to Mrs. Jenkins, chose to waive the policy presentation requirement under the policies, and when Mrs. Jenkins failed to respond, the waiver was "thereby effectuat[ed]," and the change of beneficiary was deemed completed. The judge found further, in substance, that decedent had made every reasonable effort to comply with the policy conditions relating to a change of beneficiary.
It has long been the law that, generally, an insured may not change the beneficiary under a policy of life insurance, assuming a reservation therein of the right to make such change, except by substantial compliance with the method prescribed in the insurance contract. N.Y. Life Ins. Co. v. Hunt's Estate, 150 N.J. Super. 271, 275 (App. Div. 1977), certif. den. 75 N.J. 28 (1977); Prudential Ins. Co. of America v. Swanson, 111 N.J. Eq. 477, 481-482 (E. & A. 1932); Sullivan v. Maroney, 76 N.J. Eq. 104, 110 (Ch. 1909), aff'd 77 N.J. Eq. 565 (E. & A. 1910). It has been said that a beneficiary has a vested right in the insurance proceeds, subject to divestment by a change of beneficiary in accordance with the procedure prescribed in the insurance policy for making such change. Strohsahl v. Equitable Life Assur. Soc. of U.S., 71 N.J. Super. 300, 304 (Ch. Div. 1962); Prudential Ins. Co. v. Mantz, 128 N.J. Eq. 480, 486 (Ch. 1941), aff'd 130 N.J. Eq. 385 (E. & A. 1941). A corollary rule, equally well-established, is that an insured will be released from a strict observance of the terms of the policy if the court can be convinced that the insured made every reasonable effort to effect a change of beneficiary. Prudential Ins. Co. v. Mantz, supra at 486.
*314 The thrust of Mrs. Jenkins' argument derives from her ostensible assumption that a surrender of the policies for endorsement was a prerequisite to an effective change of beneficiary. She contends that apart from the "ambiguous" letter she had received from the insurance company, neither decedent nor anyone else on his behalf had requested her to surrender the policies. She maintains that the record does not establish that decedent had done everything he reasonably could to effect a change of beneficiary in the prescribed manner. Plaintiffs, on the other hand, argue that, as a result of Mrs. Jenkins' failure to reply to the letter from the insurance company, "the requirement in the policies that the same be presented to the company for endorsement, along with the change of beneficiary forms prior to decedent's death, was waived as a bar to an effective change of beneficiary by the insured."
Whether an effective change of beneficiaries was accomplished prior to the insured's death necessarily entails an examination of the relevant provisions of the policies affecting plaintiffs herein.[1] Both policies (referred to hereafter for identification purposes as the Haynes policy and the Kelly policy) permit a change of beneficiary if made during the lifetime of the insured. Any such change in the Haynes policy "shall be effective only if written notice thereof is received by the Company at its Home Office and if such designation is accepted by the Company" (emphasis supplied). But the Kelly policy does not require the insurer's acceptance of the notice. The provision there is simply that a change of beneficiary "will not be binding upon the Company unless made in writing and filed at the Home Office."
*315 A significant provision in the Kelly policy is that upon the filing of the written request for a beneficiary change, "such designation or change will then be effective as of the date it was signed." The Haynes policy contains a similar provision respecting the effective date of the change, but it applies only upon receipt and acceptance of the designation.
As for submission of the policy for endorsement, the two policies have differently worded clauses. The provision in the Haynes policy is that the policy must be presented to the company at its home office for endorsement, "except that the Company may, in its discretion, waive this requirement." In the other one, however, the clause reads, "If required by the Company, the policy must be presented for endorsement of any such designation or change."[2]
It is not in dispute here that properly written and signed requests for change of beneficiary were filed at the insurer's home office by the insured. Under the plain language of the Kelly policy the change became effective upon such filing, retroactive to the date of the signing of the request. There is no indication in the record of any explicit notification to the insured that he should submit the policy for endorsement. Even more important is the absence of any provisions expressly *316 making the change contingent upon its endorsement on the policy. We are not at all convinced that under this policy decedent was obliged to do any more than he actually did in order to effectuate the desired change of beneficiary. But even if the presentation of the policy were a requirement, we are satisfied, for reasons which appear later herein, that the insurance company waived it.
As for the Haynes policy, the insurer's receipt of the written notice to change the beneficiary would not by itself accomplish the change. To become effective, the designation of the new beneficiary had to be accepted by the insurer. While this policy required the presentation of the policy for endorsement, unless waived, it is not clear whether such presentation was a condition of acceptance. In any event, the record does not show that the insurance company ever rejected or refused to accept the notice. However, assuming the need to submit the policy for endorsement thereon of the change of beneficiary, we conclude here, too, that the requirement was waived.
Except for surrendering the policies for endorsement, assuming such requirement, the insured clearly did everything the policies required him to do to effect the change of beneficiary. While there is a dispute over whether decedent ever requested Mrs. Jenkins to turn the policies over to him, there is no indication in the record that she would have complied. In any event, it is evident from the letter sent to Mrs. Jenkins and admittedly received by her that the insurance company accepted decedent's explanation in the "declaration of loss of policy" form of why the policies were no longer in his possession. The company clearly expressed its intent to waive "presentation of this policy and grant the insured's request" if she did not submit "a claim of sufficient interest in this policy that would actually stand in the way of the insured's request," within 30 days of July 8, 1976, the date of the letter. No such claim was made within the specified period, nor, so far as the record discloses, at any other time before the litigation commenced.
*317 We cannot tell from the letter whether it was intended to relate to the insured's request for a change of beneficiary, to his request for a duplicate policy, or both. But whether we view it as pertinent to the beneficiary change sought by the insured or for another purpose, there can be no doubt that the insurer committed itself to a waiver of the submission of the policies if Mrs. Jenkins failed to respond within the time fixed. We do not consider the insured's death just a few days before its expiration as releasing the insurer from its commitment, especially since the change of beneficiary would be retroactive to the date the requests were signed. We are fortified in this view, again assuming that the policies had to be submitted for endorsement, by the notable absence in either policy of any provision that the change would be effective only upon such indorsement, and not earlier. In the circumstances here present, equity will decree the changes to have been made, effective as of the date of the requests, despite the lack of the actual endorsement of the changes on the policies. See 2A Appleman, Insurance Law and Practice (1966 rev.), § 1021 at 33-34.
For the foregoing reasons we concur in the conclusion reached by the trial judge that effective changes of beneficiary had been accomplished by decedent with respect to both the Haynes and Kelly policies.
However, we do not agree with the further determination of the trial judge that Mrs. Jenkins was, nevertheless, "equitably" entitled to one-half of the proceeds of the policies, on the rationale, expressed in his letter opinion, that the premiums had been paid from a joint bank account and Mrs. Jenkins reasonably assumed she would be provided for through the insurance proceeds in the event she survived the insured. As for the payment of premiums by Mrs. Jenkins, it is thoroughly clear that the insured retained control over the policies through his right to eliminate her as beneficiary without her consent. In re Degnan, 122 N.J. Eq. 470, 473 (Ch. 1937). Moreover, there is no indication in the record that the moneys used by Mrs. Jenkins to pay premiums came *318 from a source other than a joint account which included decedent's own earnings. We know of no reported case, and none is cited in the letter opinion or by counsel, which supports the trial judge's concept that the insurance policies thus represented an understanding that Mrs. Jenkins would be provided for in the event of the insured's death. Such view would render nugatory the privilege of changing the beneficiary reserved by the insured in the policy. The initial designation of Mrs. Jenkins as beneficiary was not made irrevocable by declaration to the insurer, either written or oral. Cf. Guardian Life Ins. Co. v. Mareczko, 114 N.J. Eq. 369, 370 (E. & A. 1933). Nor is there any contention here that the policy was issued pursuant to an oral agreement whereby the insured agreed to procure the policies of insurance and make Mrs. Jenkins the beneficiary in consideration of her promise to pay the premiums thereon, thereby making the designation of beneficiary irrevocable notwithstanding the reservation of the right to change. Id. at 370-371.
Either Mrs. Jenkins was entitled to the full proceeds as the true beneficiary or she was not. We have resolved this issue adversely to her. It would not matter whether she was actually decedent's widow or had lived with him over the years in the belief that they were legally married. In neither case would the trial court have been warranted in awarding her half of the proceeds of the policies. The trial judge's theory of joint ownership of the policies is unsupported in fact or in law.
Whether Mrs. Jenkins had a valid lien on the proceeds for premium payments she had made is quite another matter. This, it is to be noted, is all that she asserted in her cross-claim by way of alternate relief, although, in her brief, she argues only that the trial judge erred in failing to award her the full proceeds. But, assuming such payments and that the issue raised by the crossclaim has not been abandoned, "they were made while she was the nominated beneficiary, *319 on a contract whose essence was that it was subject to change at the will of the insured." Guardian Life Ins. Co. v. Mareczko, supra at 374; see also, Gifford v. Gifford, 93 N.J. Eq. 299-301 (Ch. 1922); Spengler v. Spengler, 65 N.J. Eq. 176, 179-180 (Ch. 1903). We hold that Jenkins has no equitable lien upon the fund for reimbursement of premium payments made by her. Guardian Life Ins. Co. v. Mareczko, supra. Circumstances which might establish such lien, see Middlesex Cty. Welfare Bd. v. Motolinsky, 134 N.J. Eq. 323, 332-333 (Ch. 1944), do not exist here.
So much of the judgment under review as divides the proceeds of the two policies in question between Evelyn Jenkins and, respectively, Bryan Haynes and Lois Kelly, is reversed. We adjudge Bryan Haynes and Lois Kelly to be entitled to the full proceeds of the policy of life insurance applicable to each. For reasons previously expressed, we made no determination regarding the remaining policy.
NOTES
[1] The third policy, in which decedent sought to change the beneficiary to Sandra Boyd, is not reproduced in the record, so that we are unable to tell what requirements it contained respecting a change of beneficiary. Also absent from the record is a copy of the written request for the change. In the circumstances, Sandra Boyd not being a party to this appeal, we shall express no opinion on whether an effective change of beneficiary was made in that policy.
[2] These provisions regarding the presentation of the policy for endorsement and the effective date of the change of beneficiary are unlike those involved in many of the reported cases on the subject, particularly ones considering the issue of substantial compliance with or waiver of the policy requirements. Depending upon the specific wording of the provision, the change would become effective "only if it is endorsed on this policy," e.g., Goldberg v. Hudson County National Bank, 123 N.J. Eq. 269, 273 (E. & A. 1937); Prudential Ins. Co. of America v. Swanson, supra, 111 N.J. Eq. at 479; Strohsahl v. Equitable Life Assur. Soc. of U.S., supra, 71 N.J. Super. at 302; Prudential Ins. Co. v. Mantz, supra, 128 N.J. Eq. at 481; or the change would not take effect unless endorsed on the policy, but after such endorsement the change would relate back and take effect as of the date of the written notice of change, e.g., Papp v. Metropolitan Life Ins. Co., 113 N.J. Eq. 522, 524 (Ch. 1933). In either case the endorsement would appear to be a sine qua non for an effective change of beneficiary.